```
                IN THE UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF GEORGIA
                            ATLANTA DIVISION

   IN RE:                         )    BANKRUPTCY CASE
                                  )    NO. 17-63641-MGD
   BILLY LOYD DENNIS NEUBLE,      )    JUDGE MARY GRACE DIEHL
                                  )    CHAPTER 13
          Debtor.                 )
                                  )
                                  )
                                  )
```

### OBJECTION TO CONFIRMATION

COMES NOW PARTNERS FEDERAL CREDIT UNION (hereinafter referred to as "PFCU"), a creditor of the above-named Debtor and files this its "Objection to Confirmation", of the Debtors' Plan of Reorganization, showing to this Court as follows:

1.

PFCU is a secured creditor of the Debtor, holding a duly perfected security interest in a certain 2013 Honda Civic, Vehicle Identification No. 19XFB2F53DEO73475.

2.

The debt owed to PFCU is $11,847.14 (net balance).

3.

In accordance with 11 U.S.C. § 1325, a vehicle purchased within 910 days preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle acquired for the personal use of the Debtor and the Creditor has a purchase money security interest securing the debt that is the subject of the claim, said claim shall not be valued under 11 U.S.C. 506.  In the present case, the vehicle was purchased on 10/30/2015, is a purchase money security interest, and is used for the Debtor's personal use.  Therefore, PFCU shows its claim shall be allowed and treated as fully secured in the amount of $11,847.14 plus interest thereon at 6.0%.  PFCU requests its post

confirmation plan payment commence immediately upon confirmation. Furthermore, PFCU request pre confirmation adequate protection payments of $125.00 per month.

4.

Movant does not have and has not been offered adequate protection by Respondents. 11 U.S.C. 1326 (a)(1)(C) requires the Debtor to provide adequate protection directly to a creditor holding an allowed secured claim. The Debtor's plan fails to comply with 1326 (a)(1)(C) and as such PFCU request that confirmation be denied.

5.

The Plan, as proposed, does not provide to PFCU the present value of its claim and violates 11 U.S.C. Section 1325.

WHEREFORE, PFCU prays that confirmation be denied.

```
                              LEVINE & BLOCK, LLC

                         By:  /s/ Ronald A. Levine
                              Ronald A. Levine, Esq.
                              [GA Bar No. 448736]
                              ATTORNEYS FOR PARTNERS FEDERAL
                              CREDIT UNION
```

P.O. Box 422148
Atlanta, Georgia 30342
(404) 231-4567

J:\Autos 2\Rush Marshall\17-63641\Objection.910.wpd.2.wpd

CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the within and foregoing "Objection to Confirmation" via electronic means as listed on the Court's ECF noticing system or by regular first class mail by depositing same in the United States mail in a properly addressed envelope with adequate postage thereon to insure delivery upon the following:

Billy Loyd Dennis Neuble
1900 Tree Mountain Pkwy. Apt. 502
Stone Mountain, Georgia 30083

Mary Ida Townson, Esq.
Chapter 13 Trustee
191 Peachtree Street, N.E.
Suite 2200
Atlanta, GA 30303-1740

This 29st day of August, 2017.

                                        LEVINE & BLOCK, LLC

By:  /s/ Ronald A. Levine
     Ronald A. Levine, Esq.
     [GA Bar No. 448736]
     ATTORNEYS FOR PARTNERS FEDERAL
     CREDIT UNION

P.O. Box 422148
Atlanta, Georgia 30342
(404) 231-4567
J:\Autos 2\Rush Marshall\17-63641\Objection.910.wpd.2.wpd